**In re WYOMING SAND AND STONE CO., Debtor.**

**VFS Leasing Co. successor in interest to Volvo Commercial Finance LLC The Americas, f/k/a Volvo Truck Finance North America, Inc., Movant,**

**v.**

**Wyoming Sand and Stone Co., Respondent.**

**No. 5–03–bk–50054.**

United States Bankruptcy Court, M.D. Pennsylvania.

Jan. 28, 2008.

Gary D. Ammon, Drinker Biddle and Reath, LLP, Philadelphia, PA, John H. Doran, Doran Nowalis and Doran, Wilkes–Barre, PA, for Debtor.

## OPINION

JOHN J. THOMAS, Bankruptcy Judge.

VFS Leasing Co., Movant, has filed this request for allowance of administrative expense with regard to a four month period during which Wyoming Sand and Stone, Debtor–in–Possession, possessed, but did not actually operate a certain leased VFS Euclid haul truck.

The facts are not in dispute. Debtor filed Chapter Eleven bankruptcy on January 8, 2003. At that time, the parties to this action had a pre-petition contract for the lease/purchase of the truck at issue. On March 12, 2003, VFS filed a Motion for Relief from the Automatic Stay in order to pursue its state law remedies and a Motion to assume or reject the contract. While the Debtor initially opposed relief, such relief from stay was stipulated on April 25, 2003. The vehicle was never actually op-

erated. The parties agree that the Debtor sought to temporarily retain the vehicle in order to possibly advance a sale of the overall assets of the Debtor.

VFS's argument is fairly straight forward. For that period of time beginning 60 days after filing, VFS hinges its administrative claim on 11 U.S.C.A. § 365(d)(5) [formerly codified as 11 U.S.C.A. § 365(d)(10)], which states,

> The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), first arising from or after 60 days after the order for relief in a case under chapter 11 of this title under an unexpired lease of personal property (other than personal property leased to an individual primarily for personal, family, or household purposes), until such lease is assumed or rejected notwithstanding section 503(b)(1) of this title, unless the court, after notice and a hearing and based on the equities of the case, orders otherwise with respect to the obligations or timely performance thereof. This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f). Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.

11 U.S.C.A. § 365

Collier's provides a cogent explanation of this provision in its treatise.

> The Bankruptcy Reform Act of 1994 added section 365(d)(5) to the Code. This section requires the trustee in a chapter 11 case to perform timely all the obligations of the debtor, first arising from or after 60 days after the order for relief in a chapter 11 case under an unexpired lease of personal property (other than property leased to an individual for personal, family or household purposes) un-

til the lease is assumed or rejected, unless the court, based upon the equities of the case, orders otherwise. The amendment expressly provides that it overrides section 503(b)(1). This is apparently intended to eliminate an argument over whether accrued rent was "actual" or "necessary" and, hence, entitled to an administrative priority.

3 Collier on Bankruptcy ¶ 365.04[6] at 365–49 (15th ed. rev.)

Unlike 11 U.S.C.A. § 503(b), the burden of going forward shifts to the Debtor-in-possession, who stands in the shoes of the trustee under § 1107(a). *Id.* at ¶ 365.04[6][b].

■ The Debtor argues that the VFS truck provided no benefit to the estate. Benefit to the estate is not an issue under § 365(d)(5), and, in the absence of intervening action by the Debtor, the obligation to perform under the lease remains. The Debtor made no effort to reject the VFS lease or modify the lease in the initial 60 days before the § 365(d)(5) assessment accrued. *See In re Federal–Mogul Global,* 222 Fed.Appx. 196, 2007 WL 777061 (3d Cir. Mar. 15, 2007) (*Unpublished opinion*). The Court has little discretion but to award VFS an allowance for that time period from the 60th day after filing until surrender of the equipment, a period of two lease payments or $12,346.28.

■ The second prong of VFS's argument aims at recovering the initial two months of rent for the truck as a § 503(b) expense.

Section 503(b) provides, in part, "After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—(1)(A) the actual, necessary costs and expenses of preserving the estate, . . . ."

VFS argues that, while the vehicle was not used, the Debtor did retain possession of the vehicle in order to maximize the value of the enterprise. It was this "potential" benefit to the estate that rendered it an "actual, necessary" cost and expense of preserving the estate. The terms "actual" and "necessary" are a carry-over from predecessor bankruptcy legislation regarding administrative expenses, i.e. Section 64(a)(1) of the Bankruptcy Act of 1898. Those terms, under prior legislation, were interpreted to mean "costs ordinarily incident to operation of a business." *Reading Co. v. Brown,* 391 U.S. 471, 483, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968).

Proof of benefit was rather sketchy and consisted entirely of a reference to Debtor's Answer (Document # 72) to VFS's Motion for Relief. The Answer makes passing mention of a possibility that a buyer may have an interest in acquiring "such [a] heavy piece of equipment."

The language of the statute, referencing "actual" and "necessary," does not include the mere "potential" to benefit. *Ford Motor Credit Co. v. Dobbins,* 35 F.3d 860, 867 (C.A.4 (Va.),1994); *In re Mid Region Petroleum, Inc.,* 1 F.3d 1130, 1133 (10th Cir. 1993); *Broadcast Corp. v. Broadfoot (In re Subscription Television),* 789 F.2d 1530, 1532 (11th Cir.1986). While the Court was prepared to measure this "potential" in light of economic and other tangible benefits to the estate, clearly the claimant dropped the ball in advancing the issue by citing no facts in support of the argument that retention of the truck was of real or potential value to the estate. All that was advanced was a characterization in Debtor's Answer that benefit to the estate was possible. Even if I were satisfied that this "potential" was valuable to the estate, I would hardly be likely to embrace the contract lease payment as being a reasonable measurement of value for a large

362

truck laying dormant on the premises because it "might" be helpful in advancing the sale. See, for example, *Continental Energy Assocs. L.P. v. Hazelton Fuel Mgmt. Co. (In re Continental Energy Assocs. L.P.)*, 178 B.R. 405, 408 (Bankr. M.D.Pa.1995) ("During the period prior to assumption or rejection of an executory contract or unexpired lease, the estate must pay the reasonable value of any contractual benefits the estate receives during that period, as an administrative expense.")

The party claiming an administrative priority has the burden of proof (with the possible exception of § 365(d)(10) charges, found in § 365(d)(5) of the current code). *Ford Motor Credit Co. v. Dobbins, supra* at 866 (C.A.4 (Va.),1994); *In re Mid Region Petroleum, Inc., supra.* at 1132.

I deem this record insufficient to support an administrative allowance through the first 60 days of the Debtor's bankruptcy.

An Order will follow.

### *ORDER*

For those reasons indicated in the Opinion filed this date, **IT IS HEREBY**

**ORDERED** that Motion for an Order Allowing Administrative Expense Obligations is granted, in part, and denied, in part. The Motion of VFS Leasing Co. pursuant to § 365(d)(5) is granted in the amount of $12,346.28. Its Motion requesting administrative allowance for the initial two months of the bankruptcy is denied.